774 F.2d 291
 Merle Allen KUNTZELMAN, Appellant,
v.
Charles J. BLACK, Warden of the Nebraska State Penitentiary;
and Charles Benson, Director of the Department of
Correctional Services, Appellees.
 No. 85-1381.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1985.
Decided Oct. 1, 1985.
 
 Fredric H. Kauffman, Lincoln, Neb., for appellant.
 Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Merle Allen Kuntzelman appeals from the dismissal of his petition for a writ of habeas corpus by the United States District Court for the District of Nebraska.[1] Kuntzelman contends that the district court erred in finding that six photographs introduced into evidence at his trial were not so inflammatory as to prejudice the jury and deny him his rights to due process and a fair trial under the fourteenth amendment. We affirm.
 
 
 2
 On August 30, 1981 the appellant shot and killed Daniel Wilson with a .12 gauge shotgun. He was brought to trial in the District Court of Boone County, Nebraska, for murder in the second degree and the use of a firearm in the commission of a felony. At trial, eyewitnesses testified that Wilson had died as the result of a gunshot wound inflicted by Kuntzelman. The cause of death was never a contested issue at trial, and the major issue to be decided by the jury was whether Kuntzelman intended to shoot Wilson or merely fire over his head to scare him.
 
 
 3
 The prosecution called as a witness Dr. Harlan Pappenfuss, the pathologist who performed the autopsy on Wilson, and questioned him extensively on the nature of the wound and its relation to Wilson's death. In connection with this testimony, the prosecution offered into evidence a number of color photographs of Wilson's body and of his organs at various stages of the autopsy. Some of the photographs were particularly gruesome. One photograph depicted the open chest cavity and internal organs of Wilson's body, and another depicted Wilson's left lung placed on a slab or table. All of the photographs were admitted into evidence over Kuntzelman's objection, and were published to the jury.
 
 
 4
 Kuntzelman was convicted of both crimes and sentenced to consecutive terms of twenty years imprisonment for second degree murder and five years imprisonment for the use of a firearm in the commission of a felony. His conviction was affirmed by the Nebraska Supreme Court. State v. Kuntzelman, 215 Neb. 115, 337 N.W.2d 414 (1983). Kuntzelman then filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2254, with the United States District Court for the District of Nebraska. This petition was dismissed by the court on March 7, 1985.
 
 
 5
 The record discloses that Kuntzelman presented to the Nebraska Supreme Court the facts and at least some argument that might have been relevant to his fourteenth amendment claim. However, we need not address fully the question of exhaustion of state remedies because both parties have expressed a desire for this court to reach the merits of Kuntzelman's claim, and any objection on exhaustion grounds has therefore been waived. See Purnell v. Missouri Dept. of Corrections, 753 F.2d 703, 708 (8th Cir.1985); Thompson v. Wainwright, 714 F.2d 1495, 1501-02 (11th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 2180, 80 L.Ed.2d 562 (1984); West v. State of Louisiana, 478 F.2d 1026, 1034-35 (5th Cir.1973).
 
 
 6
 This court concurs with the Nebraska Supreme Court in disfavoring the offering of flagrantly gruesome evidence which serves no valid purpose at trial. Kuntzelman, 337 N.W.2d at 417. Unfortunately for appellant, this does not lead to the conclusion that we are able to grant the remedy requested here.
 
 
 7
 The admissibility of evidence is a matter of state law, and we review admissibility rulings in a federal habeas corpus action "only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). Kuntzelman argues that intent was a close issue at trial, and that the photographs were so inflammatory as to influence the jury to find intent where they might not have otherwise done so. He therefore contends that the admission of these photographs into evidence denied him due process and a fair trial under the fourteenth amendment.
 
 
 8
 While, as did the Nebraska Supreme Court, we may question the propriety of the offering of these photographs, they were at least arguably relevant and probative in showing the identity and condition of the deceased, the location of the wound, and the intent of Kuntzelman in firing the shot that killed Wilson. Walle v. Sigler, 456 F.2d 1153, 1155 (8th Cir.1972). The state trial court determined that the photographs should be admitted and the Nebraska Supreme Court affirmed that decision as not being an abuse of discretion. Sitting as a habeas court, we do not disagree.
 
 
 9
 In order to prevail on his due process argument, Kuntzelman must show "that the asserted error was so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived him of fundamental fairness." Manning-El, 738 F.2d at 323. The jury's finding of the required intent clearly rests on a substantial factual basis, even absent the photographic evidence in controversy here. In the totality of the circumstances, these photographs, when coupled with the testimony of Dr. Pappenfuss, were not so inflammatory as to produce error of constitutional magnitude and deny Kuntzelman due process. In short, the trial was not "fatally infected."
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Chief Judge, United States District Court, District of Nebraska