986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sammy SAUCEDA, Petitioner-Appellant,
v.
Eloy MONDRAGON, Respondent-Appellee.
 No. 91-2205.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1992.
 
 Before McKAY, Chief Judge, and SETH and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Sammy Sauceda was convicted in New Mexico state court of attempted second degree criminal sexual penetration and kidnapping. Appellant's first habeas corpus petition was dismissed by the United States District Court for the District of New Mexico in order to permit Appellant to exhaust his state court remedies. After the appropriate state post-conviction procedures were satisfied, Appellant again filed a petition for habeas corpus relief. The district court dismissed the petition with prejudice. Appellant appealed the dismissal to this court. We affirmed in part, and remanded for further consideration on the merits of his non-Fourth Amendment claims. Ultimately, the district court dismissed the remaining portions of the petition with prejudice, and Appellant appeals. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 3
 On the evening of August 28, 1984, Appellant met Marie Cardon ("Cardon") at a billiards lounge in Las Cruces, New Mexico. Later that night, Cardon's friends invited her and Appellant, among others, to an "after hours" party. Cardon volunteered to go with Appellant in order to direct him to the party. Cardon testified that Appellant did not follow her directions, rather he drove to the Rio Grande, all the while threatening to rape and harm her.
 
 
 4
 Cardon further testified that after arriving at the river Appellant forcibly removed her from the car, hit her numerous times and attempted to have sexual intercourse while he had her pinned to the hood of his car. Cardon convinced Appellant to release her for a moment, at which time she ran to the river, jumped in and swam to the other side. After seeing Appellant drive away, Cardon swam back in order to look for her clothes. However, Appellant returned and caught Cardon on a nearby bridge while she was attempting to signal for help. Appellant dragged her down the embankment and placed her in his vehicle. At or near this time, Cardon saw a police car on the opposite side of the river. Apparently this motivated her to jump out of Appellant's vehicle, which struck her on the leg as Appellant drove away. Finally, Cardon was picked up by a passing motorist and taken to the local police station.
 
 
 5
 On appeal, Appellant's primary contention is that he was denied a fundamentally fair trial by the admission of graphic photographs showing Cardon's injuries. A second but closely related contention is that the prosecutor's persistent emphasis on the photographs, in light of the entire proceedings, made the trial so fundamentally unfair that Appellant was deprived his right of due process.
 
 
 6
 As we declared in Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.) (quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.), cert. denied, 444 U.S. 1047):
 
 
 7
 "In order for a federal court to grant habeas relief based on state court evidentiary rulings, the rulings must 'render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' "
 
 
 8
 See also Jacobs v. Singletary, 952 F.2d 1282, 1296 (11th Cir.) (rarely does admission of graphic photographs render trial fundamentally unfair). Similarly, in order to be successful on his prosecutorial misconduct claim, Appellant must prove that the impermissible conduct made the trial so fundamentally unfair as to deny him due process. Donnelly v. De Christoforo, 416 U.S. 637; Coleman v. Saffle, 869 F.2d 1377, 1395 (10th Cir.). It is under these standards that we review Appellant's contentions.
 
 
 9
 With respect to his first contention, Appellant argues that the photographs were irrelevant because he only contested the cause, not the extent, of Cardon's injuries. Appellant's argument
 
 
 10
 "ignores the fact that the prosecution must prove all the elements of a criminal offense beyond a reasonable doubt.... [T]he prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense."
 
 
 11
 Estelle v. McGuire, --- U.S. ----, 60 U.S.L.W. 4015, 4017. Appellant was charged with criminal sexual penetration, attempted criminal sexual penetration, criminal sexual contact, battery and kidnapping. As the Appellee correctly points out, the photographs were at a minimum relevant to proving Appellant's intent and use of force in each of the charged crimes. See United States v. Soundingsides, 820 F.2d 1232, 1242-43 (10th Cir.) (photographs relevant to nature and cause of victim's death and intent of defendant); United States v. Goseyun, 789 F.2d 1386 (9th Cir.); Kuntzelman v. Black, 774 F.2d 291, 292 (8th Cir.) (photographs probative in showing identity and condition of victim, location of wound and intent of defendant). Moreover, the photographs were directly probative on the contested issue of causation. In addition, they were properly admitted to support and illustrate the testimony of the prosecution's expert. See Soundingsides, 820 F.2d at 1242-43; Jacobs, 952 F.2d at 1296.
 
 
 12
 Having determined that the photographs were admissible as relevant evidence, we must address the Appellant's argument that the probative value of the photographs was grossly outweighed by the prejudicial impact they had on the jury. Appellant failed to include the photographs in the record on appeal. Consequently, we are unable to disagree with the trial court's finding that the photographs were not "offensive." We understand this finding to mean that the district court did not find the photographs to be so inflammatory or gruesome as to be unduly prejudicial. This conclusion must stand. Nettles v. Wainwright, 677 F.2d 410, 414-15 (5th Cir. Unit B). See Soundingsides, 820 F.2d at 1243 ("gruesomeness alone does not make photographs inadmissible").
 
 
 13
 Since the district court did not err in admitting relevant, non-inflammatory photographic evidence, we must conclude that the Appellant was not denied a fundamentally fair trial. In further support of our conclusion, we note that the record reflects that the photographs were not a "crucial, critical, highly significant factor" in the Appellant's conviction, therefore, their admission even if erroneous did not deprive Appellant of his right to a fair trial. Jacobs, 952 F.2d at 1296 (citation omitted).
 
 
 14
 As to his contention of prosecutorial misconduct, the Appellant argues that he was denied his constitutionally protected right to due process by the prosecution's improper emphasis on the irrelevant photographs when the prosecution displayed the photographs to the jury prior to their admission into evidence. To bolster this contention, the Appellant points to other alleged misconduct by the prosecution, particularly statements made during closing argument. It is axiomatic that since we have decided that the photographs were properly admitted, we cannot conclude that the prosecution improperly emphasized them. At most, the prior display of the photographs was harmless error as they were properly admitted moments later.
 
 
 15
 Moreover, we find that the prosecution's statements during closing argument and the other alleged improprieties do not constitute prosecutorial misconduct. However, even if the prosecution's actions were improper, their cumulative effect in light of the entire record would not support a finding that the Appellant was denied a fundamentally fair trial in violation of his due process rights. See Donnelly, 416 U.S. 637; Coleman, 869 F.2d at 1395-96.
 
 
 16
 Accordingly, Appellant's application for probable cause is GRANTED, and the district court's dismissal of Appellant's petition for habeas corpus is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3