**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABEL TORRES,

   Petitioner-Appellant,

  v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

   Respondents-Appellees.

No. 07-3176

(D. of Kan.)

(D.C. No. 06-CV-3237-KHV)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

  Abel Torres, proceeding pro se, seeks a certificate of appealability (COA)

to enable him to appeal the district court's denial of the habeas petition he filed

pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing an

appeal may not be taken from the denial of a § 2254 habeas petition unless the

---

 [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

 [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

petitioner first obtains a COA).  Torres also seeks an evidentiary hearing and leave to proceed in forma pauperis.  For substantially the same reasons provided by the district court, we AFFIRM.

## I.  Background

Torres was tried for killing his 21-month old daughter.  A Kansas state jury convicted him of felony murder in the first degree based on the underlying crime of felony abuse of a child.  Torres is serving a sentence of life in prison with no possibility of parole for twenty years.  The Kansas Supreme Court affirmed his conviction on direct appeal.  Torres filed this § 2254 action in the United States District Court for the District of Kansas, and the court denied his petition.

## II.  Discussion

In order to obtain a COA, Torres must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to do so, Torres "must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail."  *Id.* at 338.

In his § 2254 petition, Torres raises several grounds for relief. The district court concluded he procedurally defaulted on the following two claims: (1) the trial court violated his Sixth Amendment rights when it admitted gruesome autopsy photographs—other than state's Exhibits 22 and 31—into evidence; and (2) the trial court erred in allowing the state to introduce testimony of six expert witnesses on shaken baby syndrome.

The district court then reviewed and rejected the following eleven grounds for relief: (1) the record contained insufficient evidence of felony murder; (2) the trial court violated his Sixth Amendment right to confront witnesses when it admitted evidence of his statements to law enforcement officials; (3) the state violated his right to due process because it did not record his two interviews with law enforcement officers, and the trial court erred when it did not instruct the jury it could make an inference against the state based on its failure to record the interviews; (4) the trial court violated his *Miranda* rights by admitting evidence of statements he made to law enforcement officials; (5) the trial court erred in not instructing the jury on the lesser included offenses of reckless second degree murder and reckless involuntary manslaughter; (6) the trial court erred in admitting state's Exhibits 22 and 31 into evidence; (7) the trial court erred in denying a motion for mistrial based on allegations that the prosecutor tampered with a witness; (8) the trial court erred in allowing demonstrative illustrations of "shaken impact" and "shaken baby" syndrome; (9) the trial court erred in

allowing Dr. Katherine Melhorn's testimony; (10) the trial court erred in allowing certain testimony of expert witness Dr. Mary Dudley; and (11) the cumulative effect of trial errors deprived Torres of his right to a fair trial.

For substantially the same reasons as those set forth in the district court's order, we conclude Torres is not entitled to a COA.

A.  Procedural Default

We first consider whether Torres procedurally defaulted any of his claims. On habeas review, federal courts do not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice. *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001).

The district court concluded Torres procedurally defaulted on the following claims: (1) the trial court violated his Sixth Amendment rights when it admitted gruesome autopsy photographs—other than state's Exhibits 22 and 31[1]—into evidence; and (2) the trial court erred in allowing the state to introduce testimony of six expert witnesses[2] on shaken baby syndrome. *Torres v. Roberts*, No. 06-

_____

[1] Torres properly preserved his claim that the trial court violated his Sixth Amendment rights when it admitted state's Exhibits 22 and 31.  This claim will be discussed below.

[2] Torres properly objected only to Dr. Melhorn's testimony. *Torres*, 121 P.3d at 445–46.  Her testimony will be discussed below.

-4-

3237-KHV, 2007 WL 1662645, at *8 (D. Kan. June 5, 2007). We agree with the district court.

Torres raised both of these contentions in his direct appeal to the Kansas Supreme Court, and the court declined to consider these issues because he had not preserved the issues at trial. In reaching this conclusion, the court relied upon the following state procedural rule: a timely and specific objection to the admission of evidence is necessary to preserve an issue for appeal. *State v. Torres*, 121 P.3d 429, 442–43, 446 (Kan. 2005) (citing *State v. Diggs*, 34 P.3d 63, 75 (Kan. 2001)).

The Kansas Supreme Court's application of its preservation rule is an independent and adequate state law ground to default Torres's claims. Torres asserts no cause for the default. Nor has he shown the probability of actual innocence required by the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). For these reasons, we conclude he defaulted on both claims.

B. Torres's Reviewable Claims

The following claims are reviewable. The district court did not err in concluding they would not support habeas relief.

1. *Sufficiency of Evidence Regarding Felony Murder*

The Kansas Supreme Court rejected Torres's claim that there was insufficient evidence of felony murder. *Torres*, 121 P.3d at 437. In reaching this conclusion, it applied a standard of review nearly identical to the one required

under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Because the court reasonably applied the correct standard to the facts of the case, 28 U.S.C. § 2254, we conclude Torres is not entitled to a COA on this ground.

2.  *Sixth Amendment Right to Confrontation*

The Kansas Supreme Court rejected Torres's argument that the trial court violated his Sixth Amendment right to confront witnesses when it admitted the statements he made to law enforcement officers.  *Torres*, 121 P.3d at 437–38. The court explained *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004), did not prohibit the district court from admitting these statements, even though Torres did not testify.  *Torres*, 121 P.3d at 438.  We agree that no clear authority exists for the proposition that the Sixth Amendment guarantees a right to "confront oneself" at trial.  *See, e.g.*, *United States v. Brown*, 441 F.3d 1330, 1359 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1149, 166 L. Ed. 2d 998 (2007) (holding district court did not violate Sixth Amendment by admitting defendant's out-of-court statement) (citing *United States v. Zizzo*, 120 F.3d 1338, 1354 (7th Cir. 1997); *United States v. Moran*, 759 F.2d 777, 786 (9th Cir. 1985); *United States v. Rios Ruiz*, 579 F.2d 670, 676–77 (1st Cir. 1978); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 802.05[3][d] at 802-25 (2d ed. 2005) (explaining "a party cannot seriously claim that his or her own statement should be excluded because it was not made under oath or subject to cross-examination")); *United States v. Lafferty*, 387 F. Supp. 2d 500, 511 (W.D. Pa. 2005) ("Inherent in Justice

Scalia's analysis in the *Crawford* opinion was the idea that the right of confrontation exists as to accusations of third parties implicating a criminal defendant, not a criminal defendant implicating herself."); *but see United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005) (implying admission of an out-of-court confession by defendant might raise confrontation problems under *Crawford*). We conclude the court's decision was not contrary to, nor an unreasonable application of *Crawford*.

3. *Failure to Record Interviews*

Torres claims the state violated his right to due process when it did not record his two interviews with law enforcement officers. In *Arizona v. Youngblood*, the Court explained a defendant could set forth a due process violation by showing police acted in bad faith in failing to preserve evidence "that [ ] could have been subjected to tests, the results of which might have exonerated the defendant." *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). The Kansas Supreme Court interpreted *Youngblood* as holding absent bad faith, the failure to preserve evidence potentially useful to the defendant does not violate due process. *Torres*, 121 P.3d at 438–39; *see also Bullock v. Carver*, 297 F.3d 1036, 1056 (10th Cir. 2002) (interpreting *Youngblood* in a similar manner).

The Kansas Supreme Court concluded Torres had not demonstrated that law enforcement officials acted in bad faith, and it noted neither Kansas law nor federal law required officers to record the interviews. It also properly rejected

Torres's claim that the trial court erred in failing to instruct the jury that it could draw a negative inference from the state's failure to record the interview.

We conclude the court's interpretation and application of *Youngblood* was reasonable.

4. *Alleged Miranda Violation*

Torres argues the law enforcement officers who interviewed him violated his *Miranda* rights, *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966), and therefore the district court erred by not suppressing these statements. The Kansas Supreme Court held the interviews were not custodial interrogations requiring *Miranda* warnings. *Torres*, 121 P.3d at 441. We conclude this determination was reasonable and neither contrary to, nor an unreasonable application of *Miranda*.

5. *Jury Instructions Regarding Lesser Included Offenses*

Torres claims the trial court violated his right to due process by failing to instruct the jury on the lesser included offenses of reckless second degree murder and reckless involuntary manslaughter. Neither the Tenth Circuit nor the Supreme Court has held a defendant has a constitutional right to an instruction on lesser included offenses in non-capital cases. *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980); *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("Our precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction."). This alleged error, therefore, does not entitle Torres to a COA.

6. *Admission of Photographs*

Torres contends the admission of numerous autopsy photographs of his daughter violated his right to a fair trial. As explained above, Torres procedurally defaulted on this claim, except for state's Exhibits 22 and 31. Because the admission of photographs is generally a matter of state evidentiary law, federal courts on habeas review look only to "whether the admission of the photographs rendered the proceedings fundamentally unfair." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999). The Kansas Supreme Court determined Exhibits 22 and 31 were probative and rejected Torres's claim that they were cumulative and overly gruesome. *Torres*, 121 P.3d at 442. In light of the probative value of the photographs, we conclude the admission of these exhibits was not fundamentally unfair.

7. *Alleged Prosecutorial Misconduct*

Torres claims the district court erred in denying a motion for mistrial based on the allegation that the prosecutor tampered with a witness. "Habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642–48 (1974); *Jackson v. Shanks*, 143 F.3d 1313, 1322 (10th Cir. 1998)). Torres alleges the prosecution threatened to take a witness's child away from her and send her sister to prison if the witness did not change her testimony. The Kansas

Supreme Court determined the district court did not abuse its discretion by denying the motion because Torres failed to produce credible evidence showing the alleged misconduct occurred. *Torres*, 121 P.3d at 445. Because the court's ruling was not contrary to, nor an unreasonable application of United States Supreme Court precedent, we conclude Torres is not entitled to a COA on this ground.

8. *Illustrations as Demonstrative Evidence*

Torres argues the district court erred in allowing the prosecution to present illustrations of "shaken impact" and "shaken baby" syndrome. Torres "may only obtain habeas relief for an improper state evidentiary ruling 'if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002) (internal quotation marks omitted)). The Kansas Supreme Court reviewed these exhibits and determined the district court did not err in admitting these illustrations: they were fair and accurate representations of the human body and they helped expert witness Dr. Dudley explain her testimony. *Torres*, 121 P.3d at 445. We conclude this decision was not contrary to United States Supreme Court precedent, nor did it involve an unreasonable application of federal law.

9. *Dr. Melhorn's Testimony*

Torres contends the district court erred in allowing the state to call six expert witnesses to the stand while he only called one. He argues the sheer number of the state's witnesses overpowered his, rendering his trial fundamentally unfair. As explained above, Torres procedurally defaulted on this issue. Torres did, however, preserve his objection to Dr. Melhorn's testimony. *Torres*, 121 P.3d at 445–46. Although the Kansas Supreme Court conceded Dr. Melhorn's testimony was cumulative in part, it determined the admission of this evidence was not an abuse of discretion. *Id.* at 446.

In *Fox v. Ward*, 200 F.3d 1286, 1297 (10th Cir. 2000), this Circuit held a district court's admission of testimony from various forensic experts did not render the defendant's trial fundamentally unfair. The court emphasized each expert was qualified to testify and was subject to cross-examination. Similarly, Dr. Melhorn was qualified to testify and was subjected to cross-examination. Because Torres failed to show the admission of Dr. Melhorn's testimony was fundamentally unfair, we conclude the Kansas Supreme Court's rejection of Torres's claim did not entitle him to a COA.

10. *Dr. Dudley's Rebuttal Testimony*

Torres argues Dr. Dudley usurped the role of the jury and denied Torres his right to a fair trial by testifying that his daughter's death was a homicide and was a "case example" of shaken baby or shaken impact syndrome. The Kansas

Supreme Court concluded Dr. Dudley's testimony did not go to the ultimate question of Torres's guilt or innocence. Even if the court erred in admitting the evidence, it did not rise to the level of denying Torres's constitutional right to a fair trial. *Torres*, 121 P.3d at 446–47. Because the Kansas Supreme Court's conclusion was reasonable and not contrary to United States Supreme Court precedent, Torres is not entitled to habeas relief on this issue.

11. *Cumulative Effect*

Finally, the Kansas Supreme Court's rejection of Torres's claim based on cumulative error was not contrary to, nor an unreasonable application of federal law. There can be no cumulative error analysis, because this analysis "does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998).

## III. Conclusion

Based on our review of the record, we are not persuaded jurists of reason would disagree with the district court's disposition of Torres's petition. Accordingly, we DENY the application for COA, DENY the request for an evidentiary hearing, GRANT the motion to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-12-