FILED
United States Court of Appeals
Tenth Circuit

**October 1, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL J. HICKS,

       Petitioner-Appellant,

v.

JUSTIN JONES, Director, Oklahoma
Department of Corrections,

       Respondent-Appellee.

No. 09-5008
(D.C. Nos. 4:04-CV-00656-JHP-SAJ
and 4:04-CV-00658-JHP-SAJ)
(N.D. Okla.)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.[*]

---

      Michael J. Hicks, an Oklahoma state prisoner proceeding pro se, requests a

certificate of appealability ("COA") following the district court's denial of his 28

U.S.C. § 2254 habeas petition.[1]  For substantially the same reasons set forth by

the district court, we deny Hicks' request for a COA and dismiss the appeal.

---

    [*] The Honorable Michael W. McConnell, originally a member of this panel, resigned his commission effective August 31, 2009,  The two remaining members of this panel, who are in agreement, have determined this matter.  *See* 28 U.S.C. § 46(d).

    [1] Because Hicks proceeds pro se on appeal, we construe his filings liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

# I

In 2000, Hicks was convicted of first degree murder in Oklahoma state court for the murder of his wife and was sentenced to life imprisonment without the possibility of parole. The jury found Hicks murdered his wife by driving her into a river where she drowned. Hicks defended on the grounds that he fell asleep at the wheel while speeding and accidently drove the car off a cliff. Hicks appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), raising four challenges: (1) error in allowing the state to play a taped telephone conversation involving Hicks; (2) error in denying Hicks' request to have the jury view the scene of the crash; (3) error in allowing the prosecution to impeach its own witness concerning evidence provided through discovery; and 4) lack of evidentiary support for his conviction. The OCCA rejected Hicks' claims and upheld his conviction and sentence. Hicks was represented by the same counsel at trial and on direct appeal.

Hicks then obtained new counsel and sought post-conviction relief in Oklahoma state court. The state district court denied relief. Hicks appealed to the OCCA, asserting three propositions of error, including: that the trial court failed to instruct the jury on lesser-included offenses or to obtain an informed waiver of the right to have such instructions given, and that prior counsel was ineffective. The OCCA affirmed the denial of post-conviction relief.

In 2004, Hicks filed a federal petition for habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Northen District of Oklahoma. In his habeas petition, he raised five claims: (1) trial court errors regarding jury instructions rendered his trial fundamentally unfair; (2) appellate counsel was ineffective; (3) trial counsel was ineffective; (4) trial court evidentiary errors rendered his trial fundamentally unfair; and (5) his conviction lacked evidentiary support. The district court denied the petition on the grounds that the Oklahoma courts' decisions survived our deferential standard of review under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). It declined to grant a COA. Hicks now appeals.

## II

Because the district court denied Hicks' habeas petition and his request for a COA, he may not proceed on appeal absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Hicks must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires he show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Under AEDPA, Hicks is entitled to federal habeas relief only if a state court decision was "contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1)-(2). Hicks seeks a COA on the same claims he made before the federal district court.

First, Hicks argues that trial court errors regarding jury instructions rendered his trial fundamentally unfair and thus deprived him of due process of law. Specifically, Hicks argues that the trial court erred by: (1) failing to inquire into whether an instruction on the lesser-included offense of negligent homicide was warranted by the evidence; (2) failing to obtain an affirmative waiver of the lesser-included offense instruction; and (3) failing to sua sponte issue the lesser-included offense instruction. Hicks first raised this claim in his application for post-conviction relief, but the OCCA refused to consider the claim because Hicks did not raise it on direct appeal.

This court has established that "a petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction." Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993) (quotation omitted); accord Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). Hicks argues that Oklahoma state law "protects a defendant's right to an instruction on his theory of defense," including a defense that "reduces the charge to a lesser-included offense" if "there is evidence to support it." Ball v. State, 173 P.3d 81, 89 (Okla. Crim. App. 2007). This standard, however, is irrelevant to the federal

- 4 -

habeas inquiry, which asks only if the trial court's decision was contrary to or an unreasonable application of clearly established federal law.[2]  § 2254(d)(1). Because there is no federal due process right to a lesser-included offense instruction in a non-capital case, the trial court's decisions cannot be contrary to or an unreasonable application of clearly established federal law.

Second, Hicks argues his appellate counsel provided ineffective assistance by omitting two claims on appeal:  that the trial court erred by failing to instruct on lesser-included offenses and that trial counsel was ineffective in failing to request such an instruction.  In affirming the trial court's denial of post-conviction relief, the OCCA correctly applied Strickland v. Washington, 466 U.S. 668 (1984), and determined Hicks was not denied effective assistance of appellate counsel because Hicks failed to present evidence that tended to prove the lesser-included offense of negligent homicide.  Hicks is therefore entitled to habeas relief only if he demonstrates that the OCCA's adjudication of this claim was an unreasonable application of Strickland.

To establish ineffective assistance of counsel under Strickland, Hicks must demonstrate: (1) that his trial counsel was deficient such that he was deprived of "reasonably effective assistance" and (2) that counsel's deficient performance

---

[2] Additionally, as discussed infra, there is insufficient evidence to support a lesser-included offense instruction.  The instruction was therefore unmerited even under Oklahoma law, see Smith v. State, 568 P.2d 639, 641 (Okla. Crim. App. 1977).

prejudiced his case, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 680, 694. Appellate counsel's assistance cannot be constitutionally deficient for failing to raise an issue on direct appeal if the omitted issue was without merit. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).

We hold that Hicks has not established he suffered constitutionally deficient assistance of appellate counsel. "[A]n instruction on a lesser included offense need only be given when there is evidence that tends to prove the lesser included offense was committed." Darks v. Mullin, 327 F.3d 1001, 1009 (10th Cir. 2003). Specifically, a lesser-included offense instruction requires "evidence to support a finding that the lesser offense was committed while the greater offense was not." United States v. Scalf, 708 F.2d 1540, 1546 (10th Cir. 1983).

Hicks has not produced such evidence. Under Oklahoma law, negligent homicide in a death caused by a motor vehicle requires that the defendant act with reckless disregard for the safety of others. Okla. Stat. Ann. tit. 47, §11-903(A). Hicks has not produced any evidence of recklessness. He argues that his driving two miles per hour over the speed limit and falling asleep at the wheel constitute such evidence. Although he cites to cases holding speeding or falling asleep while driving to be evidence of recklessness, these cases do not establish that slight speeding or falling asleep at the wheel are reckless in and of themselves,

- 6 -

absent other evidence. Thus Hicks presented insufficient evidence to support the lesser-included offense of negligent homicide and the OCCA's conclusion that Hicks' appellate counsel was not constitutionally deficient was not an unreasonable application of Strickland.

Third, Hicks argues that his trial counsel was ineffective because he neither requested a lesser-included offense instruction nor specifically consulted with Hicks about his decision not to seek an instruction. The state court denied post-conviction relief on the ground that the evidence presented by Hicks at trial failed to support an instruction as to any lesser-included offense and therefore trial counsel could not have been deficient in failing to request or consult Hicks about the instruction. The OCCA determined that the that the claim was waived because it was not raised on direct appeal. Because Hicks was represented by the same attorney at trial and on direct appeal, however, this court may nonetheless address his ineffective assistance of counsel claim. See English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998). We have already determined that Hicks was not entitled to an instruction on the lesser-included offense of negligent homicide. Consequently, his trial counsel could not have been constitutionally deficient for choosing not to seek such an instruction or failing to consult with him about the instruction.

Fourth, Hicks argues that the trial court committed two evidentiary errors that rendered his trial fundamentally unfair and thus deprived him of due process:

(1) refusing to allow the jury to view the scene of the crash and (2) allowing the prosecution to play taped telephone conversations involving Hicks. The OCCA rejected each claim on direct appeal, holding that the record contains comprehensive and exhaustive evidence documenting the scene of the crash and that the conversations were probative of motive and intent.

"We may not provide habeas corpus relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (quotation omitted). Here, Hicks has failed to establish that the evidentiary rulings rendered his trial fundamentally unfair. The taped conversations were relevant and not unduly prejudicial; their admission therefore did not violate due process. Similarly, there was ample evidence submitted at trial about the scene of the crash such that the trial court's preventing the jury from viewing the scene did not render Hicks' trial fundamentally unfair.

Fifth, Hicks argues that his conviction for murder in the first degree lacked sufficient evidentiary support. Specifically, Hicks argues that the government failed to prove the elements of causation and intent beyond a reasonable doubt.[3]

---

[3] Under the Oklahoma law in force at the time of the events at issue, "[a] person commit[ted] murder in the first degree when that person unlawfully and with malice aforethought cause[d] the death of another human being. Malice [was] that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." Okla. Stat. Ann. tit. 21 § 701.7(A).

On direct appeal, the OCCA held that although there was "conflicting testimony about some details of the accident," a rational jury could have found the government's evidence proved all elements of the crime beyond a reasonable doubt.

The OCCA had a duty to review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Va., 443 U.S. 307, 319 (1979) (emphasis omitted). In the Tenth Circuit, "[s]ufficiency of the evidence is a mixed question of law and fact. We ask whether the facts are correct and whether the law was properly applied to the facts." Maynard v. Boone, 468 F.3d 665, 673 (10th Cir. 2006). Consequently, on habeas review, we review the sufficiency of the evidence under §§ 2254(d)(1) and (d)(2). Id.; see also Brown v. Sirmons, 515 F.3d 1072, 1089 (10th Cir. 2008). Hicks' claim fails under both standards.

Sufficient evidence was presented by the government to allow a rational jury to draw reasonable inferences as to both causation and intent. First, Maryland State Police Officer Joseph Hancock, a member of the Crash Reconstruction Unit, testified that the crash could not have occurred accidently as Hicks recounted because tire prints indicated the car was rolling rather than braking; the path of the vehicle required at least eight "steering inputs" by a conscious driver; the final location of the car evidenced that it had actually

traveled at less than twenty-five miles per hour; and evidence related to the seat belt and steering wheel "sheer capsules" established that Hicks was not in the car when it drove over the cliff. Second, a friend of Hicks testified that, a few months before the accident, Hicks told her that he realized that he could kill his wife in a scenario similar to the way in which she died. The prosecution played a taped telephone conversation between the friend and Hicks that confirmed the earlier interaction. Finally, the prosecution produced witnesses present at the scene of the accident who testified that they observed no mud, scratches, or significant injuries on Hicks, despite his claim that he had just driven off a cliff, over a muddy bank, and into a deep river.

When viewed in the light most favorable to the government, the evidence was sufficient to allow a rational jury to find all the elements of murder in the first degree beyond a reasonable doubt. The decision of the OCCA was therefore not an unreasonable application of or contrary to clearly established federal law. Nor was it "based on an unreasonable determination of the facts in light of the evidence." § 2254(d)(2).

## III

For the foregoing reasons, we **DENY** Hicks' application for a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge