FILED
United States Court of Appeals
Tenth Circuit

February 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN MARTINEZ,

      Petitioner-Appellant,

v.

STEVE HARTLEY, Warden, L.C.F.;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1390
(D.C. No. 1:07-CV-01305-CMA-KMT)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Stephen Martinez, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Mr.

---

[*]      This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Martinez is proceeding pro se, we construe his filings liberally.  *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Martinez also moves for leave to proceed *in forma pauperis* on appeal.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr.

Martinez's application for a COA and dismiss his appeal. We also deny Mr.

Martinez's motion to proceed *in forma pauperis*.

## BACKGROUND

A Colorado jury convicted Mr. Martinez of first-degree murder for

knowingly causing the death of a child under the age of twelve, and being in a

position of trust with respect to the victim, under Colo. Rev. Stat. § 18-6-

401(7)(c).[2] On direct appeal, the Colorado Court of Appeals reversed Mr.

Martinez's conviction because it found that the trial court allowed into evidence

unfairly prejudicial expert testimony about accident scenarios that cause subdural

hematomas in children. *See People v. Martinez*, 51 P.3d 1046, 1051 (Colo. App.

2001). The Colorado Court of Appeals did not reach Mr. Martinez's argument

that his due process rights were violated because the police and the prosecution

adopted inconsistent positions. *See id.* The Colorado Supreme Court reversed the

---

[2] As the magistrate judge noted, "[a]t various times in the state court record and their briefs . . . both Petitioner and Respondents assert that Petitioner was convicted under Colo. Rev. Stat. § 18-3-102(1)(f) (2000) rather than § 18-6-401(7)(c)." *Martinez v. Hartley*, No. 1:07-CV-01305-CMA-KMT, 2009 WL 6749588, at *1 n.1 (D. Colo. July 14, 2009). "[Section] 18-6-401(7)(c) incorporates § 18-3-10[2](1)(f) to define the crime of 'knowingly caus[ing] the death of a child who has not yet attained twelve years of age and the person committing the offense is one in a position of trust with respect to the child' as first-degree murder." *Id.* (third alteration in original).

judgment of the Colorado Court of Appeals and reinstated Mr. Martinez's conviction. *See People v. Martinez*, 74 P.3d 316, 326 (Colo. 2003). On remand, the Colorado Court of Appeals rejected Mr. Martinez's inconsistent-positions argument, and affirmed his conviction. *See* R., Vol. 1, at 273–76 (*People v. Martinez*, No. 00CA0312 (Colo. App. Nov. 13, 2003)).

Mr. Martinez then filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35, asserting, *inter alia*, that his trial counsel rendered ineffective assistance by failing to perform an adequate investigation, and that the Colorado legislature unconstitutionally removed the finding of sentence-enhancing facts from the jury. The state trial court denied relief. *See* R., Vol. 2, Order Denying Def.'s Mot. for Post-Conviction Relief Pursuant to Crim. P. 35(c) and Denying Def.'s Mot. for Appointment of Counsel, at 2 (dated May 12, 2005) [hereinafter "Post-Conviction Order"]. Thereafter, the Colorado Court of Appeals dismissed Mr. Martinez's appeal as untimely filed. *See* R., Vol. 2, *People v. Martinez*, No. 06CA1215 (Colo. App. Mar. 21, 2007).

Following his failure to obtain relief in the state courts, Mr. Martinez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. The district court dismissed Mr. Martinez's habeas petition and denied a COA. *See Martinez v. Hartley*, No. 1:07-CV-01305-CMA-KMT, 2010 WL 3170770 (D. Colo. Aug. 10, 2010).

Mr. Martinez now seeks a COA from this court, arguing that: (1) his trial

-3-

was rendered fundamentally unfair by the admission of expert testimony about the amount of force necessary to cause a subdural hematoma in a child; (2) the police and the prosecution impermissibly adopted inconsistent positions—*viz.*, the police promised Mr. Martinez that he would only be charged with accidentally causing the child's death, but the prosecution did not adhere to this promise when it charged him with first-degree murder; (3) his trial counsel rendered ineffective assistance by failing to adequately investigate evidence that modest amounts of force could cause the child's death; and (4) the state legislature unconstitutionally removed the finding of sentence-enhancing facts from the jury.

## DISCUSSION

### I. Standard of Review

A COA is a jurisdictional prerequisite to this court's review of a habeas corpus petition. *See* 28 U.S.C. § 2253(c); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen*, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

-4-

In determining whether to grant a COA, we do not engage in a "full consideration of the factual or legal bases adduced in support of the claims," *Miller-El*, 537 U.S. at 336; instead, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim, *id*. at 338.  Although an applicant need not demonstrate that his appeal will succeed, he "must prove 'something more than the absence of frivolity' or the existence of mere 'good faith'" to obtain a COA.  *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), *superseded on other grounds by statute*, 28 U.S.C. § 2253(c)(2)).

Where a "COA application rests on claims of ineffective assistance of counsel, in order to determine if [an applicant] can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis . . . in light of the two-part test for ineffective assistance" articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).  *United States v. Harris*, 368 F. App'x 866, 868 (10th Cir. 2010), *cert. dismissed*, 131 S. Ct. 455 (2010).  "Under *Strickland*, [Mr. Martinez] must show that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and he must show that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance."  *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008) (citing *Strickland*, 466 U.S. at 688, 694).

Because the Colorado state courts addressed the merits of Mr. Martinez's

claims, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA."[3] *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant an application for a writ of habeas corpus on behalf of a person in state custody whose claims were adjudicated on the merits in state court only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

A state court decision is contrary to established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of

---

[3] We review "the last reasoned state court decision" on a claim. *Klein v. Neal*, 45 F.3d 1395, 1399 n.5 (10th Cir. 1995) (citing *Ylst v. Nunnemaker*, 501 U.S. 797 (1991)). "[I]f the last state court to render a judgment on a claim did so in a cursory or unexplained manner . . . [we] apply a 'look through' rule, which essentially looks past the last state court decision to the last reasoned state court decision." *Id.*

Here, we look to the Colorado Supreme Court's decision on Mr. Martinez's claim that his trial was rendered fundamentally unfair by the admission of expert testimony about the amount of force necessary to cause a subdural hematoma in a child. We look to the decision of the Colorado Court of Appeals following remand on Mr. Martinez's claim that the government breached its promise by charging him with first-degree murder. Finally, we look to the state trial court's decision denying the motion for post-conviction relief on Mr. Martinez's claims that his trial counsel rendered ineffective assistance, and that the state legislature unconstitutionally removed the finding of sentence-enhancing facts from the jury.

law," or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a[n opposite] result." *Bledsoe v. Bruce*, 569 F.3d 1223, 1231 (10th Cir. 2009) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 808 (2009). A state court decision unreasonably applies federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* (alterations in original) (quoting *Williams*, 529 U.S. at 407) (internal quotation marks omitted). "The state court's decision must be 'more than incorrect or erroneous'; it must be 'objectively unreasonable.'" *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003)).

## II.  Admission of Expert Testimony

Mr. Martinez argues that his trial was rendered fundamentally unfair by the admission of expert testimony about the amount of force necessary to cause a subdural hematoma in a child. Mr. Martinez avers that but for the admission of this testimony, he would not have been convicted of first-degree murder because "it was still inferred at trial that there was a great amount of force necessary to cause such injuries. . . . It is now accepted that a minimal amount of force is

necessary to cause such injuries in a child." Aplt. Br. & App. at 4(a)–4(b).

The Colorado Supreme Court found that the trial court did not abuse its discretion in admitting this expert testimony because "the testimony of accident scenarios is admissible . . . as the basis of Dr. Rosquist's opinion that a subdural hematoma results from massive, violent force." *Martinez*, 74 P.3d at 319.

"Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). "We may not provide habeas corpus relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotation marks omitted).

Mr. Martinez cites no authority prohibiting the admission of the expert testimony at issue. That is a serious problem for him. Panels of this court have repeatedly indicated that, where a trial court has properly admitted evidence, there ordinarily will be no basis to conclude that the evidence rendered the trial fundamentally unfair. *See Hicks v. Jones*, 350 F. App'x 199, 204 (10th Cir. 2009) ("Hicks has failed to establish that the evidentiary rulings rendered his trial fundamentally unfair. The taped conversations were relevant and not unduly prejudicial; their admission therefore did not violate due process."); *Torres v. Roberts*, 253 F. App'x 783, 789 (10th Cir. 2007) ("The Kansas Supreme Court

determined Exhibits 22 and 31 were probative and rejected Torres's claim that they were cumulative and overly gruesome.  In light of the probative value of the photographs, we conclude the admission of these exhibits was not fundamentally unfair." (citation omitted)); *Sauceda v. Mondragon*, 986 F.2d 1429, 1992 WL 401583, at *3 (10th Cir. 1992) (unpublished table decision) ("Since the district court did not err in admitting relevant, non-inflammatory photographic evidence, we must conclude that the Appellant was not denied a fundamentally fair trial.").

We perceive no circumstances suggesting that a different outcome is appropriate here.  Consequently, we conclude that reasonable jurists could not debate the district court's determination that the Colorado Supreme Court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.  Accordingly, Mr. Martinez is not entitled to a COA on his first claim.

### III.  Government Adopted Inconsistent Positions and Breached Its Promise

Mr. Martinez next argues that "the police promised [him] that if he showed them how he allegedly shook the infant, the prosecution would present the case as an accident rather than a murder," but the prosecution did not adhere to that promise when it charged him with first-degree murder.  Aplt. Br. & App. at 4(c). Mr. Martinez maintains that *Santobello v. New York*, 404 U.S. 257 (1971), which held that one prosecutor's plea-bargain promise binds other prosecutors in the same office, should have been extended to the circumstances of his case to

compel the prosecutor to adhere to the promise made by the police. *See* Aplt. Br. & App. at 4(c)–4(d).

The Colorado Court of Appeals found that "[d]efendant's contention that the detective and the prosecution must adopt consistent positions or theories, or that the failure to do so violates his right to due process of law, has no support in our jurisprudence. . . . Moreover, the detective's position during the taped interview was not necessarily inconsistent with the prosecution's theory of the case at trial." R., Vol. 1, at 275–76.

Mr. Martinez fails to demonstrate that the state court unreasonably refused to extend the rule of *Santobello* to the circumstances of his case. *See United States v. Kettering*, 861 F.2d 675, 677–78 (11th Cir. 1988) (collecting cases and rejecting contention that principles of *Santobello* required a federal prosecutor to abide by the unauthorized promise of DEA agent that defendant would serve no more than five years' imprisonment). Furthermore, Mr. Martinez suggests no other Supreme Court precedent that the state court should have extended. We conclude, therefore, that reasonable jurists could not debate the district court's determination that the decision of the Colorado Court of Appeals was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Mr. Martinez is not entitled to a COA on his second claim.

## IV. Ineffective Assistance of Counsel

Mr. Martinez also asserts that his trial counsel rendered ineffective

assistance by "fail[ing] to conduct sufficient investigation which would have allowed him to present evidence showing that the force necessary to cause the horrific death of the child was minimal and hence Mr. Martinez could not have acted knowingly." Aplt. Br. & App. at 4(f).

The state trial court properly recognized that *Strickland* governs ineffective assistance of counsel claims, and "requires a showing that counsel's representation fell below [an] objective standard of reasonableness and that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." R., Vol. 2, Post-Conviction Order at 2. Mr. Martinez "admitted to shaking the baby, striking the baby's head against the crib," and "defense counsel presented a defense of accident at the trial." *Id.* "The only question at trial was whether the fatal injuries were a result of intentional conduct, or accident," and "[t]he jury . . . apparently decided that defendant acted with intent, after deliberation, not that the shaking and hitting of the head was an accident." *Id.* The state court reasoned that "[p]resenting expert testimony that the injuries to the baby might have been caused by factors other than defendant's action would not change the jury's finding that defendant acted deliberately." *Id.* Accordingly, the state court rejected Mr. Martinez's ineffective assistance of counsel claim because presenting such expert testimony "was not part of defense counsel's trial strategy, nor would it have changed the outcome of the trial." *Id.* at 3.

Mr. Martinez fails to demonstrate that the state court unreasonably applied *Strickland* to his case. Mr. Martinez makes a conclusory assertion that counsel's alleged failure was prejudicial. However, the state court determined that the jury would have found that Mr. Martinez acted deliberately even if it had been presented with Mr. Martinez's proffered evidence. Mr. Martinez has pointed to nothing to suggest that this determination is unreasonable. Accordingly, reasonable jurists could not debate the district court's determination that the state trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. Thus, Mr. Martinez is not entitled to a COA on his ineffective assistance of counsel claim.

## V. Sentence-Enhancing Facts

Mr. Martinez, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), further argues "that it is unconstitutional for a legislature to remove from the jury the assessment of facts which increase the prescribed range of punishments to which a criminal defendant is exposed." Aplt. Br. & App. at 4(g). Mr. Martinez argues that the Colorado legislature violated *Apprendi* by reducing the *mens rea* for first-degree murder from intent to knowledge, thereby "remov[ing] from the jury the requisite determination necessary for a finding that a defendant committed an offense which is punishable by a life without the possibility of parole sentence versus a maximum aggravated sentence of 48 years." *Id.* at 4(h).

The state trial court held that Mr. Martinez's life sentence "falls within the

presumptive range of punishment, at the lowest end, and is therefore not illegally enhanced. Defendant's claim that his sentence is illegal must therefore fail." R., Vol. 2, Post-Conviction Order, at 4.

Obviously, the state trial court did not unreasonably apply *Apprendi*, which requires "any fact that increases the penalty for a crime *beyond* the prescribed statutory maximum [to] be submitted to a jury." 530 U.S. at 490 (emphasis added). And, unsurprisingly, Mr. Martinez advances no Supreme Court precedent barring state legislatures from defining the elements of offenses under state law. Furthermore, we are not aware of any such clearly established federal law. Therefore, we conclude that reasonable jurists could not debate the district court's determination that the state trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Mr. Martinez is not entitled to a COA on his sentence-enhancing facts claim.

## VI. Motion for Leave to Proceed *In Forma Pauperis*

Finally, to obtain *in forma pauperis* status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). We deny Mr. Martinez's motion for leave to proceed *in forma pauperis* because he has failed to present a reasoned, nonfrivolous argument in support of the issues raised on appeal.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Martinez's application for a COA and **DISMISS** his appeal. We also **DENY** Mr. Martinez's motion for leave to proceed *in forma pauperis* because his appeal does not present a reasoned, nonfrivolous argument.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge