FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEMARIO TERREL HARRIS,

    Defendant-Appellant.

No. 09-5103
(D.C. No. 4:08-CV-00327-JHP-PJC
and 4:04-CR-00160-JHP-1)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

DeMario Harris, a federal prisoner proceeding pro se, seeks a Certificate of

Appealability ("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2255 petition. With jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we

**DENY** his application for a COA and **DISMISS** his appeal.

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

# I. BACKGROUND

A jury convicted Mr. Harris on one count of possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to a mandatory term of life in prison for the drug charge and a concurrent 120-month term for the gun charge. We rejected his claims on direct appeal. *See United States v. Harris*, 223 F. App'x 747 (10th Cir. 2007). Mr. Harris then filed with the district court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, contending he had received ineffective assistance from his trial and appellate attorneys. The district court denied the motion and also denied Mr. Harris's motion for a COA. Mr. Harris now seeks a COA from this court. He also has filed a motion to proceed on appeal *in forma pauperis*.

# II. DISCUSSION

A defendant may not appeal the district court's denial of a § 2255 petition without first obtaining a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We in turn may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Unless we grant a COA, we lack jurisdiction to resolve the merits of a habeas appeal. *Miller-El*, 537 U.S. at 342.

Because Mr. Harris's COA application rests on claims of ineffective assistance of counsel, in order to determine if he can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis of Mr. Harris's claims in light of the two-part test for ineffective assistance outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show, first, that counsel's performance was deficient—that the "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 687–88. Second, the petitioner must establish prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008), *cert. denied*, 130 S. Ct. 133 (2009). We may review these two components in any order, and need not address both "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

The district court found that Mr. Harris could not meet this two-pronged test for any of his ineffective assistance claims. On appeal, Mr. Harris raises five issues, supported by largely the same arguments rejected by the district court. Because he is proceeding pro se, we construe his filings liberally. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even with this solicitous consideration, however, we conclude that Mr. Harris cannot make a substantial showing of the denial of a constitutional right as to any of the issues he raises, so we cannot issue a COA and we must dismiss his appeal for lack of jurisdiction.

Mr. Harris first contends that the district court violated his constitutional rights by failing to issue a written order explaining its reasons for denying his § 2255 petition. This claim—which we note is not at all an argument about ineffective assistance of counsel—must be rejected, for we have repeatedly held that "challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding." *United States v. Dago*, 441 F.3d 1238, 1248–49 (10th Cir. 2006) (holding "that the district court's seven-and-a-half-year delay in denying Dago's § 2255 petition was not a denial of due process sufficient to justify granting Dago habeas relief"). Thus, Mr. Harris cannot make a substantial showing of the denial of a constitutional right, and we must deny a COA on Issue I.[1]

In what he styles as Issues II and III on appeal, Mr. Harris argues that his trial attorney failed to challenge the methodology used by the government's chemist to calculate the amount of drugs charged to his possession. According to

---

[1] Even if we were inclined to consider the claim, it is not clear which orders Mr. Harris asserts that the district court failed to publish. We note that the district court did include a written order with its denial of Mr. Harris's § 2255 petition. *See* R., Vol. I, at 173–83 (Order, filed July 6, 2009).

Mr. Harris, the chemist incorrectly weighed the drugs along with their packaging materials, producing an inflated drug quantity and subjecting him to a greater sentence than warranted. Mr. Harris also alleges that his appellate counsel was ineffective for failing to challenge the drug quantity on appeal. The district court rejected this claim, noting that Mr. Harris's sentence "was based upon the fact he was a career offender as opposed to the quantity of drugs possessed." R., Vol. I, at 178 (Order, filed July 6, 2009). Further, the district court pointed out that Mr. Harris had claimed at trial that the government could not prove he had ever possessed the drugs, so the quantity error he now asserts could not have impacted his defense. The district court thus held that Mr. Harris could not establish that counsel was ineffective for failing to challenge the drug quantity and could not establish prejudice. Mr. Harris provides no reason to think that reasonable jurists could disagree with the district court's conclusion, and we must deny a COA on Issues II and III.

With regard to Issue IV, Mr. Harris alleges that his attorney failed to call as a witness Ms. Sharon Ashe, his state court trial attorney. Mr. Harris contends that Ms. Ashe possessed information about prior acts of misconduct by Tulsa Police Officer Bill Yelton, who was involved in Mr. Harris's arrest. This information, Mr. Harris contends, could have been used to impeach Officer Yelton's credibility at trial. The district court rejected this claim, finding that Mr. Harris did not "offer anything other than conclusory allegations" about alleged wrongdoing by

Officer Yelton. *Id.* Further, the district court noted that Mr. Harris's federal court trial counsel, Stanley Monroe, submitted an affidavit stating that he did speak with Ms. Ashe, and "obtained funding for an independent experienced investigator to pursue all leads" that she provided. *Id.* at 179. Thus, the district court held that Mr. Harris could not establish error or prejudice in Mr. Monroe's actions. Mr. Harris provides no reason to think that reasonable jurists could debate this conclusion; accordingly, we must deny a COA on Issue IV.

Finally, Mr. Harris alleges in Issue V that Mr. Monroe failed to investigate the backgrounds of Officer Yelton and another officer, Jeff Henderson.[2] At trial, Mr. Monroe attempted on cross-examination to ask Officer Yelton if he had "ever been subjected to any disciplinary proceedings for making out false overtime claims." Aplt. Br., Attach G, at 79. When the prosecutor objected that Mr. Monroe could not substantiate such an allegation, Mr. Monroe stated "I don't have any specific evidence. It was kind of the courthouse rumor mill information . . . it's my understanding he's been questioned about it before in other proceedings." *Id.* The district court foreclosed the proposed line of questioning absent more specific information. On collateral attack, Mr. Harris alleges that Mr. Monroe's ill-preparedness violated his Sixth Amendment rights. The district

---

[2]    Mr. Harris does not specify the nature of his claims involving Officer Henderson. Merely mentioning his name is not enough to preserve appellate review of the issue. *See, e.g.*, *United States v. Pursley*, 577 F.3d 1204, 1231 n.17 (10th Cir. 2009) (holding that a "skeletal reference is insufficient to raise . . . a discrete appellate issue").

court disagreed and held that Mr. Harris could not establish prejudice under *Strickland* because he could not "provide any evidence to establish that Officer Yelton was, in fact, ever suspended or disciplined for anything." R., Vol. I, at 181. Reasonable jurists could not debate this conclusion, and we must deny a COA on this claim.

### III. CONCLUSION

Mr. Harris cannot make a substantial showing of the denial of a constitutional right arising from any of his claims of ineffective assistance of counsel. Therefore, we **DENY** a COA for each of his five issues and, lacking jurisdiction to proceed further, **DISMISS** his appeal. We **GRANT** his motion to proceed on appeal *in forma pauperis*.

Entered for the Court

JEROME A. HOLMES
Circuit Judge