**UNITED STATES COURT OF APPEALS**

October 22, 2010

**TENH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOHNNIE FRANKLIN-EL,<br><br>Defendant-Appellant. | No. 10-3079<br>(D.C. Nos. 5:09-CV-04161-MLB;<br>5:06-CR-40011-MLB-2)<br>(D. Kan.) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>PEGGY FRANKLIN-EL,<br><br>Defendant-Appellant. | No. 10-3084<br>(D.C. Nos. 5:10-CV-04001-MLB;<br>5:06-CR-40011-MLB-1)<br>(D. Kan.) |

**ORDER DENYING CERTIFICATES OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*]      This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Johnnie and Peggy Franklin-El, federal prisoners proceeding pro se,[1] each seek a certificate of appealability ("COA") to challenge the district court's dismissal of their motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. Mr. Franklin-El also moves for leave to proceed *in forma pauperis* on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. and Ms. Franklin-El's applications for COAs and dismiss their appeals because neither party makes a substantial showing of the denial of a constitutional right. We also deny Mr. Franklin-El's motion to proceed *in forma pauperis*.

## BACKGROUND

Mr. Franklin-El was convicted of seventeen counts of health care fraud and one count of obstruction of justice. *See* R:10-3079, Vol. I, at 68 (J. Crim. Case, filed Aug. 21, 2007). Ms. Franklin-El was convicted of 52 counts of health care fraud and one count of obstruction of justice. *See* R:10-3084, Vol. I, at 69 (J. Crim. Case, filed Aug. 21, 2007).

On direct appeal, this court affirmed Mr. Franklin-El's health care fraud convictions, but reversed his conviction for obstruction of justice. *United States*

---

[1]     Because Mr. and Ms. Franklin-El are proceeding pro se, we construe their filings liberally. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

*v. Franklin-El*, 555 F.3d 1115 (10th Cir. 2009). We affirmed all of Ms. Franklin-El's convictions. *United States v. Franklin-El*, 554 F.3d 903 (10th Cir. 2009), *cert. denied*, 129 S. Ct. 2813 (2009).

The Franklin-Els filed motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Kansas. The district court dismissed the Franklin-Els' habeas petitions, holding that "[t]he files and records clearly demonstrate that defendants are entitled to no relief." R:10-3079, Vol. I, at 99 (Dist. Ct. Order, filed Mar. 16, 2010); R:10-3084, Vol. I, at 100 (same).

## DISCUSSION

A COA is a jurisdictional prerequisite to this court's review of a habeas corpus petition. *See* 28 U.S.C. § 2253(c); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen*, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

In determining whether to grant a COA, we need not engage in a "full

consideration of the factual or legal bases adduced in support of the claims," *Miller-El*, 537 U.S. at 336; instead, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim, *id*. at 338. Although an applicant need not demonstrate that his appeal will succeed, he "must prove 'something more than the absence of frivolity' or the existence of mere 'good faith'" to obtain a COA. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Where a "COA application rests on claims of ineffective assistance of counsel, in order to determine if [a movant] can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis . . . in light of the two-part test for ineffective assistance" articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Harris*, 368 F. App'x 866, 868 (10th Cir. 2010), *cert. dismissed*, No. 10-5205, 2010 U.S. LEXIS 5736 (Sept. 22, 2010). "Under *Strickland*, [a movant] must show that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and he must show that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance." *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008) (citing *Strickland*, 466 U.S. at 688, 694), *cert. denied*, 130 S. Ct. 133 (2009).

Mr. and Ms. Franklin-El seek COAs on their claims that their trial counsel was ineffective for failing to object to the district court's allegedly erroneous

calculation of their offense levels. In addition, Mr. Franklin-El claims that his obstruction of justice sentencing enhancement should have been removed after this court reversed his conviction for obstruction of justice on direct appeal, and Ms. Franklin-El asserts an ineffective assistance of counsel claim based on religious discrimination.

## I. Erroneous Offense Level Calculation Claims

Mr. and Ms. Franklin-El each assert ineffective assistance of counsel claims for trial counsel's failure to object to the district court's allegedly erroneous calculation of their offense levels. Mr. and Ms. Franklin-El each claim that the district court included sentencing enhancements for vulnerable victim, pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3A1.1, and abuse of a position of trust, pursuant to U.S.S.G. § 3B1.3, despite ruling that it would not do so. The Franklin-Els are mistaken: the district court did not include these sentencing enhancements in calculating their total offense levels.

Mr. and Ms. Franklin-El's Presentence Investigation Reports ("PSRs") each included sentencing enhancements for vulnerable victim and abuse of a position of trust. *See* R:10-3079, Vol. II, at 30 (PSR, rev. Aug. 1, 2007); R:10-3084, Vol. II, at 32 (PSR, rev. Aug. 1, 2007). However, the district court sustained the Franklin-Els' objections to the two-point enhancements for vulnerable victim and abuse of position of trust, reducing their respective total offense levels by four. *See* Sentencing Tr., dated Aug. 10, 2007, at 41–43. But, the district court also

-5-

increased their respective specific offense characteristic enhancement from twelve to sixteen offense levels, pursuant to U.S.S.G. § 2B1.1(b)(1) (providing enhancements based upon the amount of loss). *See id.* at 40–41, 43. Thus, the district court's rulings offset each other and did not change the Franklin-Els' total offense levels. In arguing that the district court erroneously included sentencing enhancements for vulnerable victim and abuse of a position of trust, the Franklin-Els apparently overlook the fact that the district court increased their specific offense characteristic by four offense levels. Thus, the Franklin-Els cannot establish that their counsel's performance was constitutionally ineffective because counsel failed to object to the district court's calculation of their offense levels related to the vulnerable victim and abuse of a position of trust enhancements.

## II. Mr. Franklin-El's Obstruction of Justice Enhancement Claim

Mr. Franklin-El also asserts a claim based on the district court's imposition of a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. As discussed above, Mr. Franklin-El argues that his trial counsel was ineffective for failing to object to the district court's allegedly erroneous offense-level calculation, including the obstruction of justice enhancement. Mr. Franklin-El further argues that his obstruction of justice sentencing *enhancement* should have been removed after this court reversed his *conviction* for obstruction of justice on direct appeal. Mr. Franklin-El did not raise his ineffective assistance of counsel argument based on the obstruction of justice enhancement before the

-6-

district court and it is therefore waived. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (concluding that a habeas petitioner waives claims not raised before the district court).

### III. Ms. Franklin-El's Religious Discrimination Claim

Ms. Franklin-El also asserts an ineffective assistance of counsel claim based on religious discrimination. This argument was not presented to the district court and is therefore waived. *See id.*

### IV. Mr. Franklin-El's Motion for Leave to Proceed *In Forma Pauperis*

To obtain *in forma pauperis* status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)) (internal quotation marks omitted). We deny Mr. Franklin-El's motion for leave to proceed *in forma pauperis* because he has failed to present a reasoned, nonfrivolous argument in support of the issues raised on appeal.

### CONCLUSION

For the foregoing reasons, we **DENY** the Franklin-Els' applications for COAs and **DISMISS** their appeals. We also **DENY** Mr. Franklin-El's motion for leave to proceed *in forma pauperis* because his appeal does not present a reasoned, nonfrivolous argument.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge