FILED
United States Court of Appeals
Tenth Circuit

December 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VINCENT TRUJILLO,

    Petitioner-Appellant,

v.

WARDEN STEVE HARTLEY; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents-Appellees.

No. 10-1314
(D.C. No. 1:07-CV-02337-MSK)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Vincent Trujillo, a Colorado state inmate proceeding pro se,[1] seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1)(A) so that

he may challenge the district court's denial of his petition for a writ of habeas

corpus under 28 U.S.C. § 2254.  Mr. Trujillo also moves for leave to proceed *in*

---

[*]      This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]      Because Mr. Trujillo is proceeding pro se, we construe his filings
liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

*forma pauperis* on appeal.  Exercising jurisdiction under 28 U.S.C. §§ 1291 and

2253(a), we hold that reasonable jurists could not disagree with the district

court's denial of Mr. Trujillo's § 2254 petition.  *See Slack v. McDaniel*, 529 U.S.

473, 484 (2000).  Accordingly, we deny Mr. Trujillo's application for a COA and

dismiss his appeal.  We also deny Mr. Trujillo's request to proceed *in forma*

*pauperis*.

## BACKGROUND

On May 10, 2000, a woman sitting in a parked car in a Blockbuster movie-

rental store parking lot witnessed Mr. Trujillo and his uncle get into a drunken

altercation with an older man, who was ultimately stabbed in the chest.  The

police immediately detained Mr. Trujillo.  Although he professed innocence,

claiming that his uncle—not he—was the actual assailant, the witness identified

Mr. Trujillo as the perpetrator in a "one-on-one show-up" identification within

minutes of the attack.

At trial, Mr. Trujillo's counsel sought to exclude this identification on the

ground that it was obtained in an overly suggestive manner—*viz.*, Mr. Trujillo

was handcuffed and in the presence of uniformed police officers when the woman

fingered him as the wrongdoer.  The state trial court found the identification to be

reliable, however, and allowed it into evidence.  Mr. Trujillo was subsequently

convicted of first-degree assault, attempted second-degree murder, and tampering

with physical evidence, for which he was sentenced to concurrent prison terms of thirty-two years, twenty-four years, and eighteen months, respectively.

The state courts rejected Mr. Trujillo's direct appeal, application for post-conviction relief, and appeal from the denial of post-conviction relief. Mr. Trujillo then filed a 28 U.S.C. § 2254 petition for habeas corpus relief in federal district court. The district court dismissed Mr. Trujillo's petition as without merit, and denied him a COA. Mr. Trujillo now seeks to appeal.

## STANDARD OF REVIEW

A COA is a jurisdictional prerequisite to this court's review of a habeas corpus petition. *See Williams v. Jones*, 571 F.3d 1086, 1088 (10th Cir. 2009) (citing 28 U.S.C. § 2253(c)(1)); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003)), *cert. denied*, 130 S. Ct. 3385 (2010). "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack*, 529 U.S. at 484). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the claims," but rather "an overview of the claims . . . and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. Because the

district court addressed the merits of Mr. Trujillo's claims in rejecting his § 2254 petition, we will grant a COA only if Mr. Trujillo demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Where, as here, the state court decided petitioner's claims on the merits, a § 2254 petitioner is entitled to federal habeas relief only if he can show that the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2);[2] *accord Phillips v. Workman*, 604 F.3d 1202, 1209

---

[2] The Supreme Court recently clarified the scope of § 2254(d)(2) in *Wilson v. Corcoran*, 131 S. Ct. 13 (2010) (per curiam), where the Court underscored that "[f]ederal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." *Id.* at 14. In particular, the Court held that a federal court's review of a state court's factual determinations under § 2254(d)(2) is cabined by the limitations imposed by § 2254(a)—*viz.*, the former provision "d[id] not repeal the command of § 2254(a) that habeas relief may be afforded to a state prisoner 'only on the ground' that his custody violates federal law." *Id.* at 17. Therefore, even if a federal court concludes that a state court made unreasonable factual determinations in light of the evidence presented in the state court proceedings, it is not empowered to grant federal habeas relief unless it also determines that petitioner has established a violation of federal law. *See id.* at 16 ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); *see also id.* at 17 ("It is not enough to note that a habeas petitioner *asserts* the existence of a constitutional violation; unless the federal court agrees with that assertion, it may not grant relief.").

(10th Cir. 2010).

When making our determinations, "[w]e presume the factual findings of the state court are correct unless the petitioner rebuts that presumption by 'clear and convincing evidence.'" *Welch v. Workman*, 607 F.3d 674, 684 (10th Cir. 2010) (quoting 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

Mr. Trujillo seeks a COA on his claim that his appellate counsel was ineffective for failing to "raise two clearly meritorious issues on direct appeal"—namely, the incorrect admission of the witness identification, and the erroneous denial of his motion for a new trial as a result of potential jurors seeing Mr. Trujillo in handcuffs outside the courtroom. Aplt. Opening Br. at 4(f). In addition, Mr. Trujillo also seeks a COA for his claims that there was insufficient evidence to convict him based on a theory of complicity, and that his sentence was unconstitutionally enhanced based on aggravating facts never presented to the jury.

### A.    *Ineffective Assistance of Appellate Counsel Claims*

Where a "COA application rests on claims of ineffective assistance of counsel, in order to determine if [a movant] can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis . . . in light of the two-part test for ineffective assistance" articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Harris*, 368 F. App'x 866,

868 (10th Cir. 2010). "Under *Strickland*, [a movant] must show that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and he must show that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance." *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008) (citing *Strickland*, 466 U.S. at 688). "When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006). Counsel's failure to raise an omitted issue that is without merit is not prejudicial, and therefore, is not ineffective assistance. *Id.*; *cf. Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." (citing *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983))).

### 1. Trial Court's Admission of Show-Up Identification

Mr. Trujillo first claims that his appellate counsel was ineffective for failing to challenge the state trial court's admission of evidence related to the witness show-up identification of Mr. Trujillo. It is well-established that out-of-court identifications—even those that occur in unduly suggestive situations—comport with due process if they are determined to be reliable. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977); *Young v. Sirmons*, 486 F.3d 655,

664 (10th Cir. 2007) (recognizing that "[e]ven if the identification was unduly suggestive, the [Supreme] Court [has] held that the admissibility determination—both the admission of the extrajudicial identification and any subsequent in-court identification—must turn on reliability"). Here, the state trial court allowed the identification evidence only after holding a hearing wherein it determined, based on the reliability factors identified in *Manson*, that there was no substantial likelihood of misidentification. State Ct. R., Vol. IV, Tr. at 11–12 (Suppression Hr'g, dated Jan. 19, 2001).

Acknowledging the state trial court's faithful application of the "reliability" test,[3] the state appellate court concluded that there was no ineffective assistance of appellate counsel on this issue as the underlying claim lacked merit and, thus, Mr. Trujillo did not suffer any prejudice from the omitted issue. *People v. Trujillo*, 169 P.3d 235, 239 (Colo. App. 2007). The district court agreed, finding that the state appellate court's rejection of Mr. Trujillo's ineffective assistance of counsel claim, based on the trial court's application of the *Manson* factors, was neither contrary to, nor an unreasonable application of, *Strickland*, and was not an unreasonable determination of the facts in light of the evidence presented. *See Trujillo v. Hartley*, No. 1:07-CV-02337-MSK, 2010 WL 2692173, at *13–14 (D. Colo. July 6, 2010).

---

[3] The Colorado Court of Appeals applied the reliability test set forth in *People v. Young*, 923 P.2d 145, 151 (Colo. App. 1995), which in turn applied the reasoning of *People v. Weller*, 679 P.2d 1077, 1083 (Colo. 1984) (citing *Manson*).

We discern no error in this conclusion. Mr. Trujillo's cursory statements in opposition to the factual determinations underpinning the state trial court's reliability judgment hardly present the type of "clear and convincing evidence" required for this court to ignore state court factual findings on federal habeas review. 28 U.S.C. § 2254(e)(1); *see Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (noting that this "standard is demanding but not insatiable").

**2. Mr. Trujillo's Appearance Before Prospective Jurors in Restraints**

Mr. Trujillo also claims that his counsel was ineffective for not challenging the state trial court's failure to grant a mistrial when, during a recess, certain jurors may have seen him in handcuffs as he was being transported through a public hallway back to his holding cell. The Colorado Court of Appeals resolved this claim by first looking to the threshold due process issue: "Although some of the jurors may have been milling around in the hallway, it is not certain that they saw defendant or, if so, they saw his restraints. In any event, there is no suggestion that the restraints were unnecessary where defendant was being escorted in a public hallway." *Trujillo*, 169 P.3d at 239. Finding this claim to be without merit, the state appellate court, consistent with *Strickland*, held that Mr. Trujillo's counsel was not ineffective for dropping this issue on appeal. The district court endorsed this conclusion, further adding that "[a]t the time the Petitioner's conviction was final, no Supreme Court decision held that it is inherently prejudicial, and a violation of due process, for jurors to observe a

- 8 -

criminal defendant being transported in shackles through a court hallway by law enforcement authorities during a court recess." *Trujillo*, 2010 WL 2692173, at *16.

We agree that Mr. Trujillo's underlying due process claim is flawed, and thus concur that the state court's decision was a reasonable application of established Supreme Court precedent. Mr. Trujillo urges a different conclusion based on the Supreme Court's holding in *Deck v. Missouri*, 544 U.S. 622 (2005), wherein the Court stated that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury *absent a trial court determination*, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck*, 544 U.S. at 629 (emphasis added). Admittedly, no such formal determination was made in this instance. *Deck* nevertheless does little to cure the infirmities in Mr. Trujillo's claims, which the district court identified, as *Deck* was issued *after* Mr. Trujillo's conviction had become final. In the habeas context, appellate counsel generally is not considered ineffective for failing to raise a claim based on a constitutional proposition that the Supreme Court has not yet articulated. *See United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant."); *see also Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002) (noting that this circuit has "rejected ineffective assistance claims where a defendant faults his former counsel not for failing to find existing law, but for

failing to predict future law" (internal quotation marks omitted)). Consequently, Mr. Trujillo's reliance on *Deck* is unavailing.

As neither underlying issue has merit, we conclude that reasonable jurists could not disagree with the district court's dismissal of Mr. Trujillo's ineffective assistance of appellate counsel claims.

### B.    *Insufficiency of the Evidence Claim*

Mr. Trujillo next asserts that there was insufficient evidence to support a conviction based on a theory of complicity. The jury, however, returned a general verdict in this case, and general verdicts will not be disturbed for insufficiency of the evidence so long as they are legally supportable on one of the grounds submitted. *See United States v. Griffin*, 502 U.S. 46, 52 (1991). The Colorado Court of Appeals, applying a sufficiency-of-the-evidence framework akin to the federal standard enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979), rejected Mr. Trujillo's claim, concluding that sufficient evidence existed to "establish defendant's guilt as a principal, and it appears most likely that this was the basis of the jury's verdicts." R., Vol. I, at 114–15 (*People v. Trujillo*, No. 01CA2273 (Colo. App. Oct. 16, 2003)). Likewise, the district court, accepting as true the state court's unrebutted factual findings, found that the general verdict of guilty satisfied the requirements of Due Process because it was legally supportable on one of the grounds—namely, conviction as a principal—and thus complied with the requirements of *Griffin*. *Trujillo*, 2010 WL 2692173, at *8–9.

- 10 -

We find no error in this logic. *Griffin* clearly establishes "that a general jury verdict [is] valid so long as it [is] legally supportable on one of the submitted grounds—even though th[is gives] no assurance that a valid ground, rather than an invalid one, [is] actually the basis for the jury's action." 502 U.S. at 49. Since its issuance, this circuit has routinely applied *Griffin* in situations analogous to the one at hand, and with similar results. *See, e.g.*, *United States v. Corrales*, 608 F.3d 654, 657–58 (10th Cir. 2010); *see also United States v. Ford*, 550 F.3d 975, 991 (10th Cir. 2008) (collecting cases applying *Griffin*). Reasonable jurists could not disagree that the district court's resolution of this claim was correct.[4]

## C.    *Unconstitutional Sentence Enhancement Claim*

Finally, Mr. Trujillo claims that the state trial court used facts unproven to the jury to enhance his sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. Mr. Trujillo claims that Colorado's laws, which

---

[4]    Mr. Trujillo also argues that the state court's complicity instruction was legally erroneous in that it impermissibly lowered the showing required by the State. Mr. Trujillo did not raise this claim in state court, and has thus failed to exhaust his state remedies. While this does not necessarily preclude our consideration of the matter, s*ee, e.g.*, *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) (holding exhaustion requirement inapplicable when requiring exhaustion would be futile), Mr. Trujillo has made no attempt to make the showing necessary to excuse this oversight, *see Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (noting that to excuse procedural default, petitioner must show either "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice" (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991))). We are therefore precluded from further consideration of this claim.

provide enhanced sentences for certain crimes designated as "per se" acts of violence and crimes of extraordinary risk, violate the precepts of *Apprendi* by "remov[ing] from the jury the assessment of facts which increase the range of punishment for a defendant." Aplt. Opening Br. at 4(d).

Both the state appellate court and the district court found *Apprendi* inapplicable in this instance, and we agree. *Apprendi* only applies when the sentence is enhanced beyond the prescribed "statutory maximum," which the Court has defined as the maximum sentence a judge may impose "*without* any additional findings." *Blakely v. Washington*, 542 U.S. 296, 304 (2000).

In this case, the interplay of five Colorado statutory provisions operated to increase the maximum end of the presumptive sentence range for Mr. Trujillo's conviction for first-degree assault from twelve years to thirty-two years. *See* Colo. Rev. Stat. §§ 18-1.3-401(1)(a)(V)(A) (2006) (setting the presumptive range of class-three felonies—including first-degree assault—at four to twelve years); 18-3-202(2)(c) (2006) (designating first-degree assault as a per se crime of violence); 18-1.3-401(10)(b)(XII) (2006) (designating per se crimes of violence that require proof of serious bodily injury and the use of a deadly weapon—such as first-degree assault—as extraordinary risk crimes); 18-1.3-401(10)(a) (2006) (increasing the maximum presumptive range for any class-three felony that qualifies as an extraordinary risk crime to sixteen years); 18-1.3-406(1)(a) (2006) (providing that "[a]ny person convicted of a crime of violence shall be sentenced

. . . for a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense . . . as modified for an extraordinary risk crime . . . .").

The sentence-range adjustment required no findings by the court in this case. And, as Mr. Trujillo's sentence fell within that "enhanced" range, reasonable jurists could not disagree with the state and district courts' conclusion that *Apprendi* is not implicated here.[5]

**CONCLUSION**

For the foregoing reasons, we **DENY** Mr. Trujillo's application for a COA and **DISMISS** his appeal. Further, as Mr. Trujillo has failed to present a reasoned, nonfrivolous argument on appeal, we also **DENY** his motion for leave

---

[5] Insofar as Mr. Trujillo suggests that this conclusion might be in error in light of the Supreme Court's recent decision in *United States v. O'Brien*, 130 S. Ct. 2169 (2010), we note only that this decision postdates by many years the final decision by the state courts in this matter, and, consequently, any effect it may have on the contours of *Apprendi* cannot serve as a basis for relief under § 2254(d). *See Welch*, 607 F.3d at 684 ("In applying § 2254(d), we first determine whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court *at the time of the state court judgment*." (emphasis added)); *see also Wiggins v. Smith*, 539 U.S. 510, 520 (2003) ("The amendments to 28 U.S.C. § 2254, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), circumscribe our consideration of [petitioner's] claim and require us to limit our analysis to the law as it was 'clearly established' by our precedents at the time of the state court's decision.").

to proceed *in forma pauperis.  See McIntosh v. U.S. Parole Comm'n*, 115 F.3d

809, 812 (10th Cir. 1997).

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge